J-S30005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                  :             PENNSYLVANIA
                                                  :
                    v.                            :

CONFESOL PADUANI  :
                                                  :
                    Appellant          :  No. 553 EDA 2022

Appeal from the PCRA Order Entered January 24, 2022
In the Court of Common Pleas of Monroe County
Criminal Division at No:  CP-45-CR-0002194-2018

BEFORE:   STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 14, 2022**

Appellant, Confesol Paduani, appeals from the January 24, 2022 order entered in the Court of Common Pleas of Monroe County, denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant contends the PCRA court erred in dismissing his petition because trial counsel, *inter alia*, failed to file a direct appeal, failed to object to acts that occurred outside the Commonwealth, and failed to object to Appellant being charged with and sentenced for multiple conspiracy offenses.  Following review, we affirm.

The PCRA court provided the following factual background and procedural history:

---

[*] Retired Senior Judge assigned to the Superior Court.

In 2018, [Appellant] and his girlfriend, Cynthia Delgado, were charged with various crimes after kidnapping a minor child and transporting him across state lines to commit a sex act. Following a jury trial which occurred from January 14 to January 17, 2020, the jury found [Appellant] guilty of Kidnapping to Facilitate a Felony, Unlawful Contact with a Minor—Sexual Offense, Interference with Custody of a Child, Endangering the Welfare of a Child, Luring Child into Motor Vehicle, Conspiracy—Kidnap to Facilitate a Felony, Conspiracy—Intimidation of Witness/Victim to Withhold Testimony, Conspiracy—Unlawful Contact with a Minor—Sexual Offense, Conspiracy—Interference with Custody of a Child, and Conspiracy—Endangering the Welfare of a Child.

[Appellant] filed an application to represent himself at the sentencing hearing. However, after the court's instruction at the sentencing hearing that he would be held to the same standard as an attorney if he did so, [Appellant] proceeded with counsel. [Appellant] was sentenced on June 19, 2020, to an aggregate period of incarceration of 9 to 18 years, to be followed by 6 years of probation. On June 25, 2020, at [Appellant's] request, his trial counsel, James Fuller, Esq., filed a motion to withdraw his appearance. This court discharged Attorney Fuller by Order on July 6, 2020 and advised [Appellant] that he had thirty days from June 19, 2020 to file an appeal with the Pennsylvania Superior Court. [Appellant] took no further appellate action.

[Appellant] filed a *pro se* PCRA petition on July 20, 2020 which was amended by his counsel on May 20, 2021 [asserting ten claims of trial counsel ineffectiveness].

PCRA Court Opinion, 1/24/22, at 1-3.

The PCRA court conducted a hearing on September 20, 2021. Following the submission of briefs on behalf of Appellant and the Commonwealth, the court issued an order on January 24, 2022, denying Appellant's petition. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

In this appeal, Appellant asks us to consider eight issues, which we have reordered for ease of discussion as follows:

1. Did the trial court commit reversible error when it failed to find trial counsel ineffective for failing to file an appeal when requested and for the trial court's failure to reinstate Appellant's direct appellate rights?

2. Did the trial court commit reversible error when it failed to find trial counsel ineffective for permitting acts outside the Commonwealth to be introduced at trial?

3. Did the trial court commit reversible error when it failed to find trial counsel ineffective for not objecting to an inappropriate duplication of conspiracy charges?

4. Did the trial court commit reversible error when it failed to find trial counsel ineffective for failure to call exculpatory witnesses?

5. Did the trial court commit reversible error when it failed to find trial counsel ineffective for failure to call expert witnesses?

6. Did the trial court commit reversible error when it failed to find trial counsel ineffective for failure to present a mental illness defense?

7. Did the trial court commit reversible error when it failed to find trial counsel ineffective for failure to object to inflammatory comments by the prosecution?

8. Did the trial court commit reversible error when it denied Appellant's petition pursuant to [the PCRA]?

Appellant's Brief at 2-3 (some capitalization omitted).

On appeal from the denial of a PCRA petition, we "examin[e] whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012) (citation omitted). "Our scope of review is limited

- 3 -

to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

Appellant frames each of his issues in terms of "trial court error," with each of the first seven issues asserting an underlying claim of trial counsel ineffectiveness. We examine these issues in terms of the underlying ineffectiveness claims. With respect to ineffectiveness claims, our Supreme Court has stated:

> It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. *Commonwealth v. Cooper*, 596 Pa. 119, 941 A.2d 655, 664 (2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." *Id.* A PCRA petitioner must address each of these prongs on appeal. *See Commonwealth v. Natividad*, 595 Pa. 188, 938 A.2d 310, 322 (2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the *Pierce*[1] elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. *Cooper*, 941 A.2d at 664.

*Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018).

---

[1] *Commonwealth v Pierce*, 786 A.2d 203, 213 (Pa. 2001) (reiterating the well-settled elements of the ineffectiveness test, as rephrased in *Cooper* and quoted in this excerpt from *Wholaver*).

In his first issue, Appellant contends that trial counsel was ineffective for failing to file a direct appeal. Citing **Commonwealth v. Lantzy**, 736 A.2d 564, 571 (Pa. 1999), Appellant correctly explains that counsel will be found ineffective *per se* "where the defendant established that he requested counsel to file a direct appeal and counsel disregarded the request." Appellant's Brief at 15. However, the PCRA court recognized that "[b]efore a court will find ineffectiveness of trial counsel for failing to file a direct appeal, Appellant must prove that he requested an appeal and that counsel disregarded this request." PCRA Court Rule 1925(a) Opinion, 3/7/22, at 3 (quoting **Commonwealth v. Touw**, 781 A.2d 1250, 1254 (Pa. Super. 2001)).

Here, the trial court imposed judgment of sentence on June 19, 2020. As the PCRA court explained:

> Although [Appellant] sent a letter to Attorney Fuller on June 20, 2020 in which he asked Attorney Fuller to file a direct appeal, this letter also requested that Attorney Fuller immediately withdraw as counsel so that [Appellant] could file his appeal *pro se*. Attorney Fuller promptly filed a motion to withdraw and was discharged as counsel on July 6, 2020. The July 6, 2020 order advised [Appellant] that he had thirty days from June 19, 2020 to file an appeal with the Pennsylvania Superior Court. [Appellant] failed to do so. [Appellant's] own error cannot be remedied through a PCRA petition.

*Id.* at 3-4 (references to court filings omitted). Despite the admonition from the trial court that he had thirty days from June 19 to file an appeal, Appellant did not file a *pro se* notice of appeal by July 19, 2020. Instead, Appellant filed a PCRA petition on July 20, 2020, complaining that his former counsel was

ineffective for failing to file a notice of appeal.[2] Appellant's first issue clearly lacks arguable merit. Having failed the first prong of the *Pierce* test, and because failure to satisfy any prong is fatal to a PCRA claim, Appellant's first issue fails.

Appellant next argues trial counsel ineffectiveness for failure to object to testimony relating to criminal acts that occurred outside the Commonwealth. As the PCRA court observed, Appellant's allegation is easily contradicted by the transcript from Appellant's trial, including the following excerpt quoted in the PCRA court's Rule 1925(a) opinion.

MR. FULLER: Your Honor, I'm going to object. Can we approach?

THE COURT: Yes.

MR. FULLER: My objection officially is relevance because none of this happened in Pennsylvania, let alone Monroe County. The testimony was that they were in South Carolina. They may be in North Carolina, South Carolina. We don't know, but we do know they're not in Pennsylvania, let alone Monroe County. My objection is as to relevance because it's not relevant to any crime that happened in Monroe County.

PROSECUTOR: Your Honor, it is relevant to a crime that happened in Monroe County because we charged them with kidnapping with the intent to facilitate a felony. The felony is having sex with a minor child.

THE COURT: I'm going to overrule the objection.

_____

[2] Although Appellant suggests that Attorney Fuller was counsel of record for Appellant "[a]t the time of trial, the sentencing and **for the thirty (30) days that followed**," Appellant's Brief at 18 (emphasis added), the record confirms that counsel was discharged by order entered on July 6, 2020, thirteen days before the deadline for filing a notice of appeal.

PCRA Court Rule 1925(a) Opinion, 3/7/22, at 4 (quoting Notes of Testimony ("N.T."), Trial, 1/14/20, at 156-57). *See also* N.T., Trial, 1/15/20, at 48-50; 93-100. The PCRA court determined that trial counsel "objected to evidence of acts occurring outside of Pennsylvania on multiple occasions. This claim is baseless." *Id.* at 5.

Our review of the record supports the PCRA court's conclusion. Because Appellant's second issue lacks arguable merit, his claim fails.

In his third claim, Appellant argues trial counsel ineffectiveness for not objecting to "an inappropriate duplication of conspiracy charges." Appellant's Brief at 3. The PCRA court rejected this argument, noting that a petitioner must prove he was prejudiced by counsel's action or inaction. PCRA Court Rule 1925(a) Opinion, 3/7/22, at 5.

Here, the Commonwealth countered Appellant's claim, noting there had been "no showing of prejudice with regard to the charging of multiple conspiracy counts. Most significantly, a review of the June 19, 2020 sentencing order reveals that the only count of conspiracy that [Appellant] received a consecutive sentence on was Count 7[.] All other conspiracy counts . . . were run concurrently." Commonwealth Brief in Opposition to Defendant's PCRA Petition, 11/17/21, at 8.[3] The PCRA court similarly noted that Appellant

---

[3] The Commonwealth did not file a brief with this Court.

received a consecutive sentence, *i.e.*, a sentence consecutive to other **non-conspiracy** counts, on only one count, commenting:

> [Appellant] has failed to show he was prejudiced by this charging strategy; he received a sentence equivalent to being charged with one general count of conspiracy. Further, even if [Appellant] was instead charged with one general count of conspiracy with multiple objectives, all evidence introduced at trial would still have been admissible to substantiate [Appellant's] multiple objectives. Thus, [Appellant] cannot show prejudice as to the admission of evidence substantiating the conspiracy or as to the sentence imposed for the same.

PCRA Court Rule 1925(a) Opinion, 3/7/22, at 5. We agree. Because failure to satisfy any prong of the *Pierce* test is fatal to an ineffectiveness claim, Appellant's failure to satisfy the prejudice prong defeats his claim with respect to multiple conspiracy charges and sentences.

In his fourth and fifth claims, Appellant contends trial counsel was ineffective for failing to call exculpatory and expert witnesses, respectively. The PCRA court did not address these issues in its opinion in light of Appellant's failure to address them in his reply memorandum filed with the PCRA court. However, the court did announce that "the court finds them without merit." PCRA Court Rule 1925(a) Opinion, 3/7/22, at 5.[4] Although Appellant did not address the issues in his reply memorandum, he did discuss them in his original memorandum filed with the PCRA court and, more importantly,

_____

[4] The court's general pronouncement regarding lack of merit refers not only to Appellant's fourth and fifth issues, but also to his sixth and seventh issues, which will be discussed *infra*.

preserved them in his Rule 1925(b) statement and discussed them in the brief filed with this Court. Therefore, we shall address them.

Regarding exculpatory witnesses, Appellant cites cases that refer to the overwhelming need for character evidence "in a case such as this," Appellant's Brief at 24, and argues that counsel's failure to subpoena exculpatory witnesses provided to counsel by Appellant constitutes ineffectiveness. However, as the Commonwealth recognizes, counsel "did attempt to contact and subpoena any witness identified by [Appellant], however, none responded." Commonwealth Brief in Opposition to Defendant's PCRA Petition, 11/17/21, at 5. *See also* N.T., PCRA Hearing, 9/20/21, at 9-10. Moreover, as the Commonwealth observed, Appellant failed to establish that any witnesses existed, that they were available and willing to testify for the defense, and that the absence of their testimony was so prejudicial as to have denied Appellant a fair trial. Commonwealth Brief in Opposition to Defendant's PCRA Petition, 11/17/21, at 5 (citing *Commonwealth v. Johnson*, 966 A.2d 523, 536 (Pa. 2009) (explaining petitioner's burden to satisfy requirements of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), with respect to potential witness claims)). Therefore, Appellant's fourth claim lacks merit.

Appellant's fifth issue claims ineffectiveness for failure to call an expert witness, in this case, clinical and forensic psychologist, Frank M. Dattilio, Ph.D., who conducted a psychological and sexual risk assessment of

Appellant. Appellant notes that to satisfy the arguable merit prong of the *Pierce* test, a petitioner must prove that the expert was available and willing to testify, that counsel should have known about the witness, and that the petitioner was prejudiced by the absence of testimony. Appellant's Brief at 25. Appellant then cites a number of cases in which the failure to call an expert prejudiced the defendants. *Id.* at 25-27. However, his "argument" does not go beyond mention of the cited cases. Nowhere does Appellant offer any proof or even any suggestion that the failure to call Dr. Dattilio prejudiced Appellant. At a minimum, Appellant has failed to satisfy the prejudice prong of the *Pierce* test.

> Moreover, as the Commonwealth correctly contends,
>
> Attorney Fuller did not subpoena Dr. Dattilio or seek to admit evidence of mental illness as neither would have been relevant to or admissible at trial. Dr. Dattilio determined that [Appellant] was competent to stand trial, and said conclusion was supported [in a more recent] evaluation. Apart from competency, the only other appropriate mental health evidence to be admitted during the trial would address a diminished capacity defense. However, diminished capacity is an extremely limited defense [available under circumstances that do not exist in this case].

Commonwealth Brief in Opposition to Defendant's PCRA Petition, 11/17/21, at 6 (citation omitted; cleaned up). Because Appellant is unable to demonstrate that he was prejudiced by the failure to call Dr. Dattilio as an expert witness, his fifth claim fails.

Appellant's sixth issue is related to the issue involving Dr. Dattilio. In this iteration, Appellant contends that trial counsel was ineffective for failing

to present a mental illness defense. We note that Attorney Fuller testified that whether mental health issues (or sexual issues with respect to possible sexually transmitted diseases) "would have any play in anything would not be the ultimate distinction of innocence or guilt." N.T., PCRA Hearing, 9/20/21, at 9. Perhaps more importantly, Appellant has not explained how he was prejudiced by the lack of testimony concerning any mental illness. In fact, Appellant has failed to develop the issue at all. In his brief, Appellant merely suggests that "[t]rial counsel ignored admissible evidence tending to establish a viable defense. To that end, trial counsel failed to present evidence of [Appellant's] mental illness." Appellant's Brief at 27. Appellant then cites cases with parenthetical indications of their holdings of ineffectiveness but does not explain in what way trial counsel was ineffective with regard to Appellant's alleged mental illness, or even what mental health issue was involved. Appellant has failed to develop this issue and has failed to prove that he was prejudiced by the absence of mental illness evidence. Appellant's sixth issue fails.

In his seventh issue, Appellant contends trial counsel was ineffective for failing to object to "prejudicial and inappropriate remarks made by the Commonwealth during the closing arguments." Appellant's Brief at 28. Once again, Appellant has failed to develop this issue in any meaningful way but instead simply cites case law regarding closing arguments.

In his brief, Appellant does not identify any offensive language attributable to counsel for the Commonwealth in her closing argument. In the course of the PCRA hearing, Appellant's counsel did ask Attorney Fuller why he did not object to the prosecutor's "overuse" of the term "predator" when describing Appellant and his co-defendant, noting that the term was used "no less than 13 times during her closing argument." N.T., PCRA Hearing, 9/20/21, at 14-15. Trial counsel responded that the prosecution may argue what she wants in closing. He explained, "I wasn't going to object to a closing unless [it was] something I thought was egregious. If that was the theme of her closing, I wasn't going to object to it." *Id.* at 15. Counsel provided a reasonable basis for not objecting to remarks made by the prosecution in closing. As such, Appellant is not able to satisfy the second prong of the ***Pierce*** test. Even if the issue did not fail for being undeveloped, it would nevertheless fail.

In his final issue, Appellant presents the all-encompassing claim of trial court error for denying Appellant's petition. Appellant did not separately address this issue in his brief. Instead, Appellant provided case law and a framework for reviewing a PCRA court's denial of a petition and then discussed each of the seven claims of ineffectiveness discussed above. As Appellant correctly recognized, this Court's review of a PCRA court's determination is limited to whether the court's determination is supported by the record and is free of legal error. Based on our review, we find the PCRA court's factual

findings have support in the record and that its legal conclusions are free of error. Therefore, we shall not disturb the PCRA court's denial of Appellant's petition.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: _11/14/2022_